Isadore Bookstein, J.
Plaintiff moves for summary judgment in this action for declaratory judgment. The defendants, Mortimer Michaels, Chairman, and Eugene M. Hanofee, Clerk, hereinafter referred to as the “ County Board” join in plaintiff’s motion. The defendants, Bernard Wiess, president, and Richard K. Greenfield, secretary, of the board of trustees of the Sullivan County Community College, hereinafter referred to as “College Board”, through counsel retained by them, move to dismiss the complaint. The “ County Board ”, through its counsel, moves to dismiss the motion made by counsel retained by the “College Board” on the ground that the “County Board” has engaged counsel for the “College Board” and only he is authorized to appear herein and represent the “ College Board ”.
The attorney selected by the 1 ‘ County Board ’ ’ to represent the “ College Board ” asks for a declaratory judgment that the “ College Board” had a right to accept the deeds hereinafter referred to, and also seeks a declaration as to whether or not he is the duly constituted attorney for the “ College Board ”.
Despite the serious nature of the dispute between the “ County Board ”, or more properly, a majority thereof, and the “ College *1057 Board ”, or more properly, a majority thereof, there is no real dispute as to the facts.
Basically, we are confronted with a head-on collision between the “ County Board ” and the “ College Board ” as to who, as between them, has the power to make a final determination of a site for a community college.
Article 126 of the Education Law, dealing with the subject of community colleges, is silent on the subject. There is no decisional law thereon. The question can, therefore, be determined only on reason and logic, and not on express statutory provisions or on any precedent in decisional law.
Counsel for the “ College Board ”, retained by it, urges that a justiciable controversy does not exist, and hence the action for a declaratory judgment does not lie. Most of the cases cited to support that proposition deal with actions by private individuals, not particularly affected, seeking to have a statute declared unconstitutional. There are situations where it is difficult to draw the borderline as to whether a particular dispute is the subject of an action for a declaratory judgment or not.
A declaratory judgment herein will serve a useful and practical purpose, and, under such circumstances, the court, in the exercise of discretion, may render such a judgment. (Bradford v. County of Suffolk, 257 App. Div. 777, 779-780.)
It is difficult to imagine a situation in which a declaratory judgment is more necessary than is presented in this action.
Chronologically, the history of the matter of a permanent site for the Sullivan County Community College is as follows:
On February 1,1965, the “ College Board ” by a vote of 5 to 4 approved the ‘1 Dillon site” in the Town of Thompson and recommended that the site be approved by the “ County Board ” and the Board of Trustees of the State University.
On February 18, 1965, and before the “ County Board ” took any action on the resolution of the “ College Board ” of February 1, 1965, the “ College Board ” voted 6 to 2 to rescind the resolution of February 1, 1965.
On May 20, 1965, the “ College Board ” met and by a vote of 6 to 2 passed a resolution to request the “ County Board ” to accept, as a permanent site, a parcel of about 405 acres located at Loch Sheldrake in the Town of Fallsburgh. The parcel was to be a gift in the form of a grant and one Grover Hermann advised that upon the acceptance of the aforesaid site he would contribute $500,000 to the Community College. The resolution further requested the “ County Board ” to approve the Loch Sheldrake site.
*1058 On June 29, 1965, the “ College Board ” voted to accept four deeds to the Loch Sheldrake site by a vote of 6 to 3 and voted to transmit its resolutions of that date to the State University and the “ County Board
On July 12, 1965, the “ County Board ”, by a vote of 8 to 7, rejected the selection of the Loch Sheldrake site.
Thus, it will be seen that in the earlier status “ College Board ” acted on the assumption that approval of the “ County Board ” was necessary for selection of a site. Now it takes the position that such approval is not needed. While the fact that in the earlier status, “ College Board ” assumed that approval of “County Board ” was necessary, is not conclusive, it at least lends some credence to the position of the “ County Board ’ \
We thus have a head-on collision between the sponsor, i.e., the County of Sullivan, through its legislative body, the ‘ ‘ County Board ” and an administrative body, to wit, the “College Board ” whose funds must come from appropriations by the “ County Board ” to take care of budgets which must meet with the approval of the “ County Board ”. The “ County Board ” likewise must make the necessary appropriation to meet its 50% share of a capital construction fund to pay for the construction of appropriate buildings for the college and must levy the tax necessary to meet such appropriation, as well as make necessary appropriations to meet its 33%% of operating cost, and levy the tax necessary to meet such appropriations.
The first and most important question to be determined is where the power resides to select a site for a community college. In determining that question, the court cannot and does not pass upon the wisdom of choice or the actions of the “ College Board” and the “ County Board”. It concerns itself solely with the legal question of where the power resides.
Article 126 of the Education Law, dealing with community colleges, is absolutely silent on the question, and, as already pointed out, there is no decisional law on the subject.
The county is the “ local sponsor ” of the community college. (Education Law, § 6301, subd. 3; § 6302.)
Since the county is the sponsor and must make the appropriation for capital construction of 50% and for operation of 33%% of cost, and it must approve the annual budgets submitted by the “ College Board ”, is it possible that in such a situation the sponsor has no say in the selection of a site? The answer must be in the negative.
Let us go one step further. Under subdivision 4 of section 6306 of the Education Law, the “ College Board ” is “pro *1059 hibited from purchasing lands, grounds or buildings * * * unless an appropriation has been made therefor Obviously this means that before any such purchase could be made, the project would have to be submitted to the “ County Board” for its approval in order for the “ County Board ” to make the necessary appropriation. Let us assume, therefore, that no one is willing to make a gift of land for a college site and the site wmld have to be purchased. Can it then be successfully maintained that the “ County Board ” was not the agency whose approval of a site was prerequisite to its establishment? Again, the answer must be in the negative.
In this case, a gift has been made of some land, which the “ College Board ” now maintains that it can declare to be the site, without approval of the “ County Board ”.
It is true that subdivision 4 of section 6306 of the Education Law authorized the “ College Board ” to “ acquire by deed, gift * * * real or personal property suitable for carrying out the program and purposes of the college, and pursuant to regulations prescribed by the state university trustees may apply any income derived therefrom to the maintenance thereof ”.
Certainly there is no income to be derived from the college site. It can hardly be argued, therefore, that gift by deed, which does not require the consent of the “ County Board”, can oust the “ County Board” of its power to approve or disapprove a site.
If, as seems logical, the “ County Board ” would have the power to approve a site that is purchased, it does not seem reasonable that it loses that power by a donor and the “ College Board ” agreeing that the site should be the property conveyed as a gift.
While the gift must be taken in the name of the sponsor, i.e., the county, as trustee for the college, the consent of the “ County Board ” to acceptance of the gift is not required.
Accordingly, I conclude that the consent and approval of the “ County Board” is necessary for the establishment of a site for a community college.
This does not mean that the u College Board ” cannot make a recommendation for a site. But its recommendation is merely advisory.
Thus viewed, it is unnecessary to pass on the validity of the various resolutions of the “ College Board ”, first recommending one site; then rescinding such resolution; then recommending another site.
Suffice it to say that the “ County Board ”, by a vote of 8 to 7, rejected the Loch Sheldrake site, which it had the power to do.
*1060 Another peripheral question remains, i.e., the question of who is counsel for the “ College Board ”. Here, the “ College Board” passed a resolution requesting the “ County Board” to employ special counsel to appear for it in this action. It may well be that this resolution was passed because of the provision in subdivision 7 of section 6306 of the Education Law to the effect that a community college may enter into a contract deemed necessary or appropriate, only subject to the approval of the local sponsor, acting through the “ County Board”. Before the “ County Board ” had an opportunity to act, the “ College Board ” rescinded the resolution and passed a new one engaging Lazarus I. Levine, Esq. as its special counsel. The “ County Board ” then engaged Joseph Willis to act as special counsel for the “ College Board ”. Both have appeared herein for the ‘ ‘ College Board ’ The language of subdivision 7 of section 6306 creates serious doubt as to the right of the “ College Board ” to make the contract of employment in question, without approval of the “ County Board”.
However, the answer to that problem is hardly justification for a declaratory judgment. Whether, under the circumstances, the counsel thus selected by the “ College Board ” can be compensated by the county is another matter, which may well be left to the future. Moreover, as a practical matter, I would feel impelled to permit the appearance of counsel selected by the ‘ ‘ College Board ’ ’, amicus curiæ, as he has presented most of the adversary case to that of plaintiff, and no useful purpose can be served by a declaratory judgment on the subject of his retainer at this time.
There can be no doubt that the status of Mr. Willis is as an attorney for the “ College Board ”.
The motion on behalf of the ‘ ‘ College Board ’ ’ to dismiss the complaint is denied. The motion for a summary declaratory judgment is granted.
Plaintiff is entitled to a declaratory judgment to the effect that the so-called Loch Sheldrake site is not the duly constituted site of the Sullivan County Community College, and that no site can be established without the approval of a majority of the “ County Board ”, and defendant “ College Board ” is entitled to declaratory judgment that it may accept a gift without the consent of the “ County Board ”.